ADA BISINIA PASTRANA DÍAZ, ETC., Plaintiff and Appellee, *v.* PEDRO PASTRANA, Defendant and Appellant.

No. 8140. Argued June 21, 1940.—Decided July 1, 1940.

A. L. *López* for appellant.  *Burset & Pérez Pimentel* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a case involving an allowance for support to be paid by a father to his minor daughter, who is living with her divorced mother after the latter contracted a second marriage.

The district court, by a judgment of November 5, 1937, fixed the allowance at twenty-five dollars. The father appealed and the judgment was affirmed by this court in a *per curiam* decision on December 16, 1938. 54 *D.P.R.* 956.

On April 27, 1939, the father applied to the trial court to be relieved from his obligation on the ground that the mother had remarried and both the mother and the daughter were in the most destitute condition and offered to support his daughter in his own home.

The court, on May 25, 1938, made an order that the girl should be placed as a boarding pupil in the "Colegio de la Inmaculada Concepción," of Santurce, and thereafter on June 19 following, it ordered that she should be sent to a similar school at Manatí.

The minor, represented by her mother, appealed, and in addition she instituted a certiorari proceeding, in which this Supreme Court set aside the latter of said orders and returned the case to the lower court for further proceedings in accordance with the law. *Díaz* v. *District Court,* 55 P.R.R. 409.

After the case was remanded to the lower court, the plaintiff, on September 29, 1939, filed a motion requesting that the defendant be ordered to deliver to the minor the allowances due since the month of May of that year under penalty of punishment as for contempt of court. Also by another motion of October 9, 1939, she requested that court to recon-

sider and vacate its order of May 25, 1939, and to reinstate the judgment as it was originally rendered.

The defendant objected to the reconsideration on the grounds that an appeal had been taken to this court from the order of May 25, 1939, that the situation which had brought about the order rendered by the judge continued unchanged, and that no new facts had been alleged which might justify a change of opinion.

On October 9, 1939, a hearing was held at which both parties appeared and announced to be ready. Judge F. García Quiñones who was not the same judge that had rendered the said order of May 25, 1939, presided.

Counsel for the parties stated to the judge the antecedents of the case. The defendant insisted that a reconsideration of the order of May 25 did not lie as an appeal had been taken therefrom and stated his opinion regarding the power of the judge who presided at the hearing to act in the matter notwithstanding the provisions of the court rules, as the judge who had made said order was working in another term. The hearing was postponed to four days later.

At the commencement of the hearing, the defendant moved for a continuance on the ground that his principal attorney had withdrawn, and the defendant himself was sick. Attorney López who made the motion admitted that he represented the defendant as junior counsel. The court denied the motion and stated that an investigation be made as to whether the defendant was really sick. The defendant insisted on the question of jurisdiction raised. The court heard the attorneys and finally decided that, in view of the attendant circumstances and the nature of the case, it had jurisdiction. Thereupon the defendant took an exception and announced that he would not introduce any evidence.

Upon being called, Isabel Díaz, mother of the minor, testified at length. Her daughter lives with her and attends the "Colegio de la Inmaculada Concepción," of Santurce, every day. She is in the first grade. With borrowed money she

prepared her in order to be admitted as a day student in the school which charges $6 a month for tuition. Since May 16, 1939, the father does not send any allowance to her.

Isolina García was then examined and she testified that the girl lives with her mother and goes to school, and that the mother's home is an honorable one.

On October 16, the matter of the illness of the defendant was investigated and apparently the judge was satisfied of the correctness of the unsworn medical certificate which had been submitted to him on the thirteenth. He then suggested to the defendant that the latter could introduce his evidence and the defendant stated that he would not do so because, if he did, that would imply an abandonment on his part of the question of jurisdiction which he had raised. The judge suggested to him that there was involved a question of a privileged character which could be raised at any time, and the defendant then said: "If that is the opinion of the court, we are going to ask that it should hear us next Friday" and the judge announced his ruling thus: "Friday then. A family matter is involved and in order to determine it, the court desires to hear the parties fully. The question of jurisdiction may be raised even though you introduce evidence."

It was agreed that there would be submitted to the judge a transcript of the evidence presented prior to the rendition of the order of May 25, 1939. At the hearing held on Friday, the defendant introduced in evidence a letter addressed to him by Mother Ma. del Carmen Cuevas, Director of the "Colegio de la Inmaculada Concepción," of Santurce, which reads as follows:

"It was agreeable to us that your daughter should come as a boarding pupil to our school, but her mother enrolled her as a day student and we supposed that you had changed your mind.

"If you prefer that she should stay as a boarding pupil there would be no objection, provided the fees and the conditions of the school are acceptable to you and that her mother is willing to have

her here, for it would be annoying to have trouble caused by reason of the girl being admitted as a boarding pupil against the wishes of her mother.

"If you can peacefully arrange for her entrance as a boarding pupil you may bring her whenever you wish."

The court took the case under advisement and decided it by decreeing "that Ada Bisinia Pastrana Díaz continue under the *patria potestas* of her mother Isabel Díaz and that she continue attending the "Colegio de la Inmaculada Concepción," of Santurce, P. R.; and that the defendant deposit in the office of the clerk of this court the allowances of $25 monthly due since the month of May, 1939, until today to be delivered to the plaintiff, the defendant being warned that he will be punished as for contempt of court if he disobeys the terms of this order, and said defendant, once the unpaid allowance have been satisfied, shall likewise deposit in the office of the clerk of this court the sum of $25 monthly on the last day of every month."

It is from the above order that the defendant has appealed to this court, charging that the lower court acted without jurisdiction and weighed the evidence partially.

The claim of a lack of jurisdiction is based not only on the existence of an appeal taken from a reconsidered decision, but also on the fact that the reconsideration was decreed by a district judge other than the one who made the original order.

It is true that the plaintiff appealed from the order of May 25, 1939, wherein the District Court of Humacao decreed the enrollment of the minor in the Colegio de la Inmaculada Concepción, of Santurce, and that he sought a review thereof and of the order of June 19, 1939, by certiorari, and it is also true that this court in deciding the certiorari proceeding confined itself to the express annulment of the last of said orders.

However, in the course of its opinion, it said:

"The order of June 19, 1939, being annulled, after setting a day for hearing the parties on the motion of June 6, the district judge will have a greater opportunity for acting conscientiously, to decide whether it would not perhaps be better for the welfare of the child, still so young, that she should go, as the mother suggested at the hearing of May 22, 1939, as a day student in the ''Colegio de la Inmaculada'' of Santurce, and to go on living, with a reasonable allowance, with her mother; in that manner she may receive besides the light of education, the affection, care and mother love that are so necessary, especially at that age.

"* * * * * * *

"There is nothing in the record that shows prejudice on the part of the trial judge; but on the contrary, a desire to reach a proper solution; hence a new consideration of the matter by him constitutes a guarantee of justice for all the parties in the case." *Díaz* v. *District Court*, 55 P.R.R. 409, 417, 418.

The appeal was in fact abandoned. Perhaps the plaintiff hesitated in formally withdrawing her appeal fearing that that action might be considered as implying her consent to the order. She chose to resort anew to the district court and to apply directly to it for a reconsideration. A claim for maintenance and support is involved and we fail to see how, the action of the party being construed as an abandonment of her appeal, the court could not act.

██ Regarding the other ground of the claim of want of jurisdiction, the appellant invokes Rule 14 of the court, which says:

"In all cases which are being attended to by a judge, the latter shall continue to act therein until a final decision is made, provided no reason, circumstance, or necessity arises which would require the immediate intervention of another judge."

A mere reading of the rule and the recollection of what occurred suffices to hold that the appellant is wrong. No truly jurisdictional question is involved. The rule is directory. Besides, if the course suggested in the first part thereof was not followed this was due to the fact that the judge who made the order, whose reconsideration was sought

and obtained, was occupied with other matters and the one herein was of an urgent character, which is in conformity with the second part of the same rule invoked. See by way of illustration *Peña* v. *District Court,* 39 P.R.R. 806.

The first error assigned is therefore nonexistent. Nor does the second exist either. After examining the evidence in the light of all the circumstances of the case, we are of the opinion that it must be held that the judge weighed the evidence correctly, in accordance with the law and the decisions and taking into consideration the welfare of the child.

The order appealed from, viz., that of December 13, 1939, must be affirmed.